IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2018 OCT -4 P 1:46
U.S. DISTRICT COURT
NEW HAVEN, CT.

IN RE: SUBPOENA TO APPLE, INC.
N-18-2-94 (Control #549)

Misc. No.
3:18mj1539(RMS)

**Filed Under Seal**

### APPLICATION FOR ORDER COMMANDING APPLE, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA

The United States requests that the Court order Apple, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the below-referenced subpoena) of the existence of the subpoena for 365 days.

Apple, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the subpoena (N-18-2-94, Control #549, which will be made available for the Court's inspection but will not be included in the sealing envelope), which requires Apple, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the subpoena relates to an ongoing national security investigation that is neither public nor known to any of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by: giving targets an opportunity to flee, destroy or tamper with

evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.  *See* 18 U.S.C. § 2705(b).  Some of the evidence in this investigation is stored electronically.  If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Apple, Inc. not to disclose the existence or content of the subpoena, except that Apple, Inc. may disclose the subpoena to an attorney for Apple, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on October 4, 2018.

WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct16012
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821 3700 / (203) 773 5376 (fax)
William.Nardini@usdoj.gov